IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ROBERT THOMAS MORAETES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-026 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Robert T. Moraetes ("Plaintiff") appeals the decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I.  BACKGROUND**

Plaintiff is a sixty-four year-old male with a college education that has worked as an administrative officer, a personal trainer, and a substitute teacher. Tr. ("R."), pp. 37, 52, 64. Plaintiff protectively applied for DIB on August 15, 2011, alleging a disability onset date of

April 1, 2011. R. at 12. The Social Security Administration denied Plaintiff's application initially and on reconsideration. R. at 93-96, 99-103. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") and the ALJ held a hearing on August 15, 2013. R. at 30-63, 106. At the hearing, the ALJ heard testimony from Plaintiff who was represented by counsel, and Mary L. Cornelius, a Vocational Expert ("VE"). Id. On September 23, 2013, the ALJ issued an unfavorable decision. R. at 9.

Applying the five-step sequential process required by 20 C.F.R. § 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since April 1, 2011, the alleged onset date (20 C.F.R. §§ 404.1571 *et seq*.)

2. The claimant has the following severe impairments: depression and anxiety (20 C.F.R. §§ 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: limited to occupations requiring no more than simple routine repetitive tasks not performed in a fast-paced production environment involving only simple work-related instructions and decisions and relatively few workplace changes.

5. Considering the claimant's age, education, work experience, and residual functioning capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR §§ 404.1569, 404.1569(a)).

R. at 14-22.

When the Appeals Council denied Plaintiff's request for review, R. at 1-3, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal of the adverse decision. Plaintiff argues the Commissioner's decision is not supported by substantial evidence because the ALJ failed to find Plaintiff's migraine headaches to be a severe impairment, and also failed to give controlling weight to the opinion of Dr. John Whitley, Plaintiff's treating psychiatrist. (See generally doc. no. 10 ("Pl.'s Br.").) The Commissioner maintains the decision to deny Plaintiff's application is supported by substantial evidence and should be affirmed. (See doc. no. 11 ("Comm'r's Br.").)

## II. STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

#### A. A Claimant's Burden at Step Two of the Sequential Process Is Mild, and Only the Most Trivial Impairments May Be Rejected.

A severe impairment is one which significantly limits one's ability to perform "basic

4

work activities." 20 C.F.R. § 404.1521(a) ("An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."). Basic work activities involve "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b). Examples include:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(4) Responding appropriately to supervision, co-workers and usual work situations; and

(5) Dealing with changes in a routine work setting.

Id.

Thus, in order to show a severe impairment, Plaintiff bears the burden of demonstrating that such impairment significantly affects his ability to perform basic work activities. See McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986); Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984) (*per curiam*). At the second step of the sequential evaluation process:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled. We will not consider your age, education, and work experience.

20 C.F.R. § 404.1520(c). However, the severity test at step two of the sequential process is designed to screen out only clearly groundless claims. Stratton v. Bowen, 827 F.2d 1447, 1452 (11th Cir. 1987) (citing Baeder v. Heckler, 768 F.2d 547, 551 (3d Cir. 1985) for the proposition

5

that the severity test has been described "as a de minimis requirement which only screens out those applicants whose medical problems could 'not possibly' prevent them from working").

In fact, the Eleventh Circuit describes step two as the "slight abnormality" test. Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) (*per curiam*) (citing Brady, 724 F.2d 914). Under this test:

> An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.

Id. As the Eleventh Circuit has explained, "[s]tep two is a threshold inquiry" and "allows only claims based on the most trivial impairments to be rejected." McDaniel, 800 F.2d at 1031. The claimant's burden is "mild," id., and "the claimant need only show that an abnormality's effect is not so minimal that it would not interfere with his ability to work irrespective of age, education, or work experience." Cantrell v. Bowen, 804 F.2d 1571, 1573 (11th Cir. 1986) (*per curiam*).

### B. The ALJ Erred at Step Two in Determining Plaintiff's Migraine Headaches Were Not a Severe Impairment.

Plaintiff argues the ALJ erred at step two of the sequential process by failing to consider his migraine headaches a "severe" impairment. Pl.'s Br. 11-12. Specifically, Plaintiff asserts the record does not reflect his migraine headaches have been manageable since April 1, 2011, numerous healthcare providers have diagnosed Plaintiff with chronic migraine headaches, and Plaintiff's subjective complaints and third-party statements all suggest he suffers from migraine headaches every week. (Id. at 12.) The Commissioner argues the ALJ's severity analysis at step two of the sequential evaluation was proper

because the ALJ sufficiently addressed Plaintiff's migraine headaches and determined they were inconsistent with the record and not as limiting as Plaintiff alleges. Comm'r's Br. 10-15. Nevertheless, the question remains whether the ALJ's determination is supported by substantial evidence.

The ALJ addressed Plaintiff's migraine headaches at step two, finding they were non-severe because: (1) Plaintiff's migraine headaches were not frequent enough to qualify as a severe impairment; (2) a CT scan of Plaintiff's head on February 16, 2012, was negative for visual signs of intracranial process; and (3) Plaintiff's migraines were treated with medication with good stability of Plaintiff's symptoms. R. 15. As discussed *infra*, the record demonstrates Plaintiff frequently suffered from debilitating migraine headaches and the ALJ erred by failing to find Plaintiff's migraines severe.

At the hearing, Plaintiff claimed he had cluster type migraines, as many as five to seven a week, each lasting from five to six hours. R. 41. Plaintiff testified he was involved in a car accident in 1993 which resulted in numerous facial surgeries and was the likely cause of the migraine headaches. R. 53. Plaintiff further testified he worked for a brief period as a substitute teacher, but left the job because of his migraine headaches. R. 40. Plaintiff testified that Imitrex was extremely effective in terms of dealing with migraine headaches; however, it was too costly. R. 54.

Dr. Ronald Jowers treated Plaintiff's migraine headaches from February 22, 2005, to March 15, 2011, and frequently prescribed Plaintiff migraine headache medications including Ultram, Tramadol, and Imitrex. R. 488-500. Dr. John C. Whitely started treating Plaintiff on

7

April 25, 2011, and treated him monthly for Major Depressive Disorder, Anxiety Disorder, and migraine headaches. R. 327-340. Dr. Whitley diagnosed Plaintiff with "chronic, severe migraines," and opined that Plaintiff's migraine headaches caused him to "become incapacitated." R. 332, 379. Consultative examiner Dr. Harriet Steinert evaluated Plaintiff and noted that he suffered from "severely constant migraines," and indicated Plaintiff had headaches two to three times per week. R. 374. Dr. Steinert further noted the migraines limited Plaintiff's ability to work. R. 375.

On April 28, 2011, Plaintiff visited the emergency room due to a migraine headache, and treatment notes by Dr. William S. Brooks indicated Plaintiff was suffering from cortical atrophy. R. 324. On February 16, 2012, Plaintiff visited the emergency room for a migraine headache and was seen by Dr. Mark Khilnani. R. 368. After a CT scan, Dr. Khilnani examined Plaintiff's head and found no mass, hemorrhage, or extra-axial fluid collection, and determined no acute intracranial process was seen. Id.

In determining Plaintiff's migraine headaches were not a severe impairment, the ALJ emphasized Dr. Khilnani's findings and ignored the contrary findings of other treating and consultative physicians. See R. 15. Dr. Khilnani's isolated findings are in stark contrast to the overwhelming weight of medical evidence demonstrating Plaintiff suffered from frequent and debilitating migraines. R. 332, 327-340, 374-75, 379, 488-500. "It is not enough to discover a piece of evidence which supports [the administrative] decision, but to disregard other contrary evidence. The review must take into account and evaluate the record as a whole." McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986); see also Martin v.

8

Heckler, 748 F.2d 1027, 1033 (5th Cir. 1984) (rejecting misuse of one set of positive test results, to the exclusion of all other evidence of record, to find claimant not disabled when the ignored evidence suggested other severe impairments). The ALJ provided no rationale for why he discounted the overwhelming weight of medical evidence showing Plaintiff suffered from severe migraine headaches, thus the ALJ's step two severity determination is not supported by substantial evidence.

At the hearing, Plaintiff testified Imitrex was "extremely effective" for dealing with his migraine headaches, but that after he became uninsured, he was unable to afford the medication. R. 53-54. The ALJ's analysis noted Plaintiff's migraines were treated with medication with "good stability of the claimant's symptoms," but did not account for Plaintiff's inability to afford the medication. See R. 15. It is well settled that poverty may excuse a plaintiff's failure to comply with treatment. Ellison v. Barnhart, 355 F.3d 1272, 1275 (11th Cir. 2003). An ALJ is required to consider any explanation that might explain the failure to seek or pursue treatment, including evidence that the claimant is unable to afford medical care before denying benefits based on non-compliance. See Beegle v. Soc. Sec. Admin., Comm'r, 482 F. App'x 483, 487 (11th Cir. 2012). Here, although Plaintiff testified he could no longer afford Imitrex to control his migraine headaches, the ALJ disregarded Plaintiff's testimony. See R. 15. Because the ALJ failed to consider Plaintiff's financial reasons for not pursuing his migraine headache treatment, the ALJ's severity determination is not supported by substantial evidence.

Because the Court cannot conclude that the decision to omit migraine headaches from

the list of severe impairments is supported by substantial evidence, remand is warranted. The Court need not reach Plaintiff's remaining contentions. Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 20th day of May, 2016, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA